NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JARED CHARLES JENNINGS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. HARMON,<br><br>Defendant. | Civ. No. 15-6084 (AET)<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

      This matter comes before the Court upon the application of *pro se* Plaintiff Jared Charles Jennings to proceed *in forma pauperis* and assert a personal injury or worker's compensation claim against Defendant John E. Harmon. (ECF No. 1.) After reviewing the affidavit of indigence, it appears that Plaintiff has demonstrated sufficient economic disadvantage to proceed *in forma pauperis*. *See Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) (explaining that a litigant need not be "absolutely destitute" to qualify). However, although the Court will grant Plaintiff's application to proceed in *forma pauperis* under 28 U.S.C. § 1915, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

      Plaintiff's Complaint alleges that he was sweeping debris at the house of Defendant's uncle when Plaintiff fell into a hole in the floor and severely injured his leg. Plaintiff had been working alongside Defendant at the time and claims that Defendant failed to warn him about the hole. Plaintiff seeks compensation for his injury.

      Federal courts are courts of limited jurisdiction; they can only hear cases for which they possess subject matter jurisdiction. "Subject matter jurisdiction in federal court falls within two categories of disputes: (1) diversity cases pursuant to 28 U.S.C. § 1332, encompassing disputes

1

between citizens of different states alleging an amount-in-controversy in excess of $75,000; and (2) federal question cases pursuant to 28 U.S.C. § 1331, encompassing those disputes arising under the Constitution, laws, or treaties of the United States." *Scioscia v. Target Corp.*, No. 08-2593, 2008 WL 2775710 at *1 (D.N.J. July 14, 2008).  Upon review of Plaintiff's submission, it appears that both Plaintiff and Defendant are citizens of New Jersey.  Thus, the Court lacks diversity based subject matter jurisdiction under 28 U.S.C. § 1332.  The only other basis for jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331, but Plaintiff's Complaint makes no reference to any federal statute or rights protected by the U.S. Constitution.  Plaintiff's filings identified "worker's compensation" as the basis for federal jurisdiction, but worker's compensation is governed by New Jersey state law.  *See* N.J.S.A. 34:15-49 (stating that "The Division of Workers' Compensation shall have the exclusive original jurisdiction of all claims for workers' compensation benefits . . . .").  In light of the above, this Court lacks subject matter jurisdiction over the matter and will dismiss Plaintiff's Complaint without prejudice for Plaintiff to refile in state court.  *See, e.g.*, *Jackson v. Fererretti*, No. 08-5702 (JAG), 2009 WL 192487 at *1 (D.N.J. Jan. 26, 2009); *Berry v. Diggs*, No. 09-1964 (GEB), 2009 WL 1687677 at *2 (D.N.J. June 16, 2009).  Accordingly,

    IT IS, on this 31st day of August, 2015

    ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED; and the Clerk of Court shall file the Complaint without prepayment of fees; and it is

    ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and it is

    ORDERED that the Clerk of Court shall designate the matter as closed.

    */s/ Anne E. Thompson*
    ANNE E. THOMPSON, U.S.D.J.